JUDITH E. BROWN, PLAINTIFF, v. THOMAS H. BROWN, DEFENDANT.

Superior Court of New Jersey
Chancery Division Family Part
Cumberland County

Decided July 3, 1984.

*Darrlyn Mann* for plaintiff (*Tuso, Gruccio, Pepper, Giovinazzi & Butler,* attorneys) and *Rocco J. Tedesco* for plaintiff (*Zerella & Tedesco,* attorneys).

*Francis G. Reuss* for defendant.

*Gerald R. Spall* for Tressa Brett (*Lipman, Antonelli, Batt & Dunlap,* attorneys).

SERATA, J.S.C.

This matter comes before the court on plaintiff's motion to transfer jurisdiction from the Vineland Municipal Court (complaint # 58940484) to the Superior Court, Family Part pursuant to the new Family Part rules governing transfer of actions *R.* 4:3–4(b).

Judith Brown, plaintiff, and Thomas Brown, defendant, were divorced on January 25, 1984 and he now lives with Tressa Brett.

The nature of the municipal court action is a complaint by Brett against Judith Brown charging her with making obscene and harrassing phone calls. The pleadings show that this complaint is not the first one against Judith Brown and the court records reflect a pattern of behavior allegedly occurring during and since the divorce proceedings.

Mr. Brown objects to the transfer on the theory that Judith Brown is trying to avoid appearing in the municipal court where the judge had previously admonished her not to repeat this behavior. Mr. Brown suggests that if he were the complaining witness then the matter would properly be cognizable and transferrable to the Superior Court. However, Mr. Brown argues that because the complainant was Brett, the dispute does not belong in the Family Court.

■ This Court disagrees. New Jersey statutory law and the Rules of Court were recently amended to broaden the power and scope of the Superior Court in resolution of family disputes. To this end *R.*4:3–4(b) "Transfer and Removal of Actions" and *R.*5:1–2(c)(3) "Actions Cognizable" provide for transfer of a municipal court matter to the Superior Court, Chancery Division, Family Part "provided that the gravaman of the offense or violation arises out of a family or family-type relationship between the defendant and a victim". For statutory authorization see *N.J.S.A.* 2A:4–3c:

*Transfer of jurisdiction functions, powers and duties of courts, causes pending and files to Superior Court; exceptions:*

The jurisdiction, functions, powers and duties of the county district courts and juvenile and domestic relations courts or family court and the causes pending therein and their files, shall be transferred to the Superior Court except as specified by sections 6 and 7 of this act.

Rules of the Supreme Court for the Family Part identify actions which may be transferred from municipal court:

5:1–2. *Actions Cognizable*

(3) Any non-indictable offense or violation pending in the municipal court and any indictable offense within the trial jurisdiction of the municipal court may be transferred for trial and disposition to the Family Part pursuant to R.5:1–3(b) provided that the gravamen of the offense or violation arises out of a family or family-type relationship between the defendant and a victim.

4:3–4. *Transfer and Removal of Actions*

An order of transfer pursuant to paragraphs (a), (b), and (c) of this rule shall be filed with the clerk of the court transferring the action, who shall forthwith forward a certified copy thereof, together with the record and all other papers on file in the action, to the court to which it is transferred and shall pay over the fees provided by law.

The case is illustrative of the factual situation best suited for consolidated hearing before the Family Part. The parties have been enmeshed in divorce proceedings for over two years; they have three minor children, and the entire proceedings were marked by Judith Brown's extraordinary difficulty in accepting the fact of her divorce. While not every municipal court action should be consolidated with a Superior Court corollary, this case poses special difficulty and merits close scrutiny by the trial court.

There is reason for continued contact between the parties because of the inherent difficulties of arranging visitation of the children in defendant's custody. This court is familiar with the parties' situations and is best suited to address related problems as they arise. Certainly abusive phone calls from an ex-wife to a current live-in paramour are violations of the law which "arise out of a family or family-type relationship".

*The Report of the State Family Court Committee To The June 24, 1983 Judicial Conference* contained proposals for implementing the recently enacted code of Juvenile Justice. Among its proposals were definitions of "family". Persons included as part of the family were "husband and wife and former spouses" and "two adults cohabiting in a home," at 3.

The Committee addressed the question of whether the Family Court should become involved in intrafamily disorderly persons offenses and advised against such involvement generally. However, the Committee excepted those cases which on a

case-by-case basis, for good cause shown, merit transfer of jurisdiction, at 4.

■ Although the report to the Judicial Conference is purely advisory, it lends assistance to the Court regarding implementation of the new Juvenile Justice Code. The lengthy proceedings and numerous motions coupled with the court's awareness of difficult continuing custody issues are sufficient reason to assume jurisdiction over the municipal court charges.

We therefore order that the municipal court matters involving the Browns and Tressa Brett are transferred to the Superior Court, Chancery Division, Family Part in Cumberland County under Docket # M-20988-81. Counsel for Judith Bron has submitted the appropriate order.