STATE OF NEW JERSEY, PLAINTIFF, v. WILLIAM B. HALL, DEFENDANT.

Superior Court of New Jersey
Law Division Bergen County

Decided January 8, 1985.

424

*George J. Cotz* for complainant (*Weber, Muth & Weber*, attorneys.).

*Randy R. Kopf* for defendant (*Convery & Kopf*, attorneys.).

SORKOW, P.J.F.P.

Defendant, via motion, seeks an order to transfer a disorderly persons complaint made against him from the Municipal Court of the Township of Mahwah to the Superior Court, Chancery Division/Family Part.

The municipal court complaint was filed by Samantha Moor on behalf of her 4-year-old son, Jonathan, alleging that the defendant, William B. Hall, assaulted the boy contrary to *N.J.S.A.* 2C:12–1(a)(1).

*R.*5:1–2 defines actions that are cognizable in the Family Part. The defendant seeks a transfer of said action pursuant to *R.*5:1–2(c)(3), which states:

Any non-indictable offense or violation pending in the municipal court and any indictable offense within the trial jurisdiction of the municipal court may be transferred for trial and disposition to the Family Part pursuant to *R.*5:1–3(b) *provided that the gravamen of the offense or violation arises out of a family or family-type relationship between the defendant and a victim.* [Emphasis supplied].

Thus, whether this action should properly be transferred to the Family Part is contingent on whether a family or family-type relationship does, in fact, exist between the defendant and complaining witness.

On November 25, 1980, in a paternity action, the New York Family Court determined that the defendant is the natural father of Jonathan. The only relationship between Samantha Moor and the defendant was a sexual liaison, which led to the

birth of the child. The only relationship between the defendant and the alleged victim is the fact of biological paternity. Judge Pressler's comment following the subject Rule, *R.*5:1–2, states that the phrase "family type relationship" is ambiguous and will require judicial interpretation. *Pressler, Current N.J. Court Rules,* Comment *R.*5:1–2 (1985).

■ This court holds that the casual relationship between these parties, notwithstanding the fact that it resulted in the birth of a child, does not rise to the level of a family or to the level of a family type relationship, wherein the action would warrant transfer. The parties are not shown to live together. There is showing of neither support nor visitation. Indeed, no indicia of "family" has been exhibited. It is as if the parties are strangers but for the fact of a child being the result of their liaison.

■ Assuming arguendo that a family or family type relationship does, in fact, exist, there is no pending action in the Superior Court/Family Part. In fact, all court proceedings including the pending support and visitation actions are before the Supreme Court of New York, Family Part. The purpose of the transfer provision is to provide a unity of the proceedings by bringing all issues relevant to the family from the various courts into the Family Part. The Family Part *may* by virtue of its familiarity with the parties and the issues raised and an expertise in resolving such controversies, be the most suitable forum for the determination of the entire litigation.

■ In *Brown v. Brown,* 196 *N.J.Super.* 92 (1984), the court allowed the transfer of a matter from a municipal court to the Superior Court/Family Part. The municipal court action charged the former wife with making obscene telephone calls to the husband and his new wife. The court found that the action arose out of a family or family type relationship and should be heard by the Family Part. Factors considered by the *Brown* court included the parties' involvement in divorce proceedings for over 3 years, the existence of three minor children to the

marriage, and the fact that the telephone calls stemmed from the former wife's reluctance to accept the divorce. In allowing the transfer, the court found the Family Part to be most familiar with the situation and best suited to resolve the problems at hand.

The case before this court is distinguishable from *Brown* for two reasons. First, there is no action pending in the Family Part of the Superior Court of New Jersey; moreover, there has never been a proceeding in the Family Part. Second, unlike *Brown,* the action in the municipal court does not stem from a family or family type relationship.

The court therefore denies defendant's motion. Counsel for defendant will submit an order in accordance with the foregoing opinion.